Nathan **FLEISCHER**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

**Nos. 219–220, Dockets 31638–31639.**

United States Court of Appeals
Second Circuit.

Argued April 9, 1968.

Decided Oct. 31, 1968.

404

Morton L. Ginsberg, New York City, for petitioner.

Albert · J. Beveridge, III, Lee A. Jackson, Meyer Rothwacks, Attys., Dept. of Justice, Mitchell Rogovin, Asst. Atty. Gen., for respondent.

Before LUMBARD, Chief Judge, WATERMAN and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Taxpayer petitions under Int.Rev.Code of 1954 § 7482 for a review of the decision of the Tax Court of the United States [1] denying deductions from gross income taken by taxpayer on his income tax returns for the years 1961, 1962, and 1963, and approving tax deficiencies determined by the respondent Commissioner for these years of $599.36, $516.45, and $640.32 respectively.

Taxpayer, Nathan Fleischer, has been employed by the Grossinger Hotel, a large resort hotel in the Catskill Mountains, as a demonstrator, teacher and lecturer in hypnosis, psychology, and relaxation, from 1952 to the present. Principally, according to a finding of the court below, he provided entertainment for the hotel's guests through hypnotic demonstrations and lectures. Though taxpayer possessed no formal academic qualifications when he was hired in 1952, he attended the Graduate School of Education at Yeshiva University from September 1959 to June 1966, obtaining a Master of Science degree in General Psychology in 1960 and a Doctor of Philosophy degree in General Psychology in 1966. These educational achievements, however, did not lead to any material alteration in the programs taxpayer presented at the hotel. Rather his duties there remained similar in form and content to those which he performed prior to his academic accomplishments. Nevertheless, the taxpayer asserts that his educational expenditures for the years 1961, 1962, and 1963 are "ordinary and necessary business expenses" within the meaning of Section 162 of the Internal Revenue Code of 1954 so that he may deduct those expenditures from his gross income.

The Tax Court, in reaching its decision denying the deductions, only considered the 1958 treasury regulation governing the deductibility of educational expenses. Since then the regulation has been amended. This court, therefore, has considered the merits of taxpayer's claims under both the 1958 and 1967 regulations.[2] We hold that taxpayer is not entitled to the deductions he claims and affirm the court below.

The aim of the regulations is to differentiate between expenditures for education which constitute ordinary and necessary expenses paid or incurred in carrying on a business activity and those which are personal in nature. Rev.Rul. 97, 1960, 1 Cum. Bull. 69. First, under the 1958 regulation, the primary purpose of the taxpayer is central in determining the deductibility of an educational expense.[3] Greenberg v. Commissioner of Internal Revenue, 367 F.2d 663, 664–665 (1 Cir. 1966). The Tax Court, as the trier of fact, found that taxpayer did not undertake his educational endeavors *primarily* to maintain or to improve skills required by the taxpayer in his employ-

---

1. T.C.Memo 1967–85, April 21, 1967; P–H Memo T.C. paragraph 67,015, 26 T.C.M. 28,430.

2. Pursuant to the authority granted him under § 7805(b) of the Int.Rev.Code, the Commissioner has announced a policy permitting taxpayers to rely on either the new regulations or prior regulations in claiming deductions for taxable years before the new regulations. T.I.R. No. 964, January 23, 1968.

3. Sec. 1.162–5. Expenses for Education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

(1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or
(2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment.
* * * * *
(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. * * *
Treas.Reg. § 1.162–5 (1958).

ment or to meet express requirements of his employer. The determination is binding on us unless we find it to be clearly erroneous. Fed.R.Civ.P. 52(a), 26 U.S.C. § 7482(a), Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 289–291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

■ The failure of the Commissioner to present contradictory evidence did not require that the Tax Court be convinced by taxpayer's own evidence of his subjective intent. Rather, the court was free to analyze the surrounding circumstances and to draw reasonable inferences therefrom which would negate taxpayer's uncontroverted evidence. See Goodyear Tire & Rubber Co. v. FTC, 101 F.2d 620, 624 (6 Cir. 1939).

■■ The fact that it took eight full years for the taxpayer to achieve his doctorate supports the Tax Court's finding that, while Grossinger's may well have suggested that taxpayer obtain additional education, it never expressly required that taxpayer obtain it. If, as taxpayer suggests, the alleged requirement by Grossinger's was based on the resort's concern about possible tort liability and loss of prestige which might ensue from employing a non-professional, it is, of course, not plausible that they would have retained taxpayer in their employ for such a length of time. Moreover, it seems unlikely that taxpayer, in order primarily to meet a requirement imposed by his employer, would expend almost half his modest income, as he initially alleged,[4] without demanding and receiving an increase in his compensation. The testimony elicited on cross-examination from Mrs. Etes, the secretary-treasurer of the hotel, demonstrates that the hotel did not insist that taxpayer obtain these university degrees as a prerequisite to his continued employment. Mrs. Etes testified that Grossinger's "never had to * * * even think about" discharging

taxpayer and that he was never told that he would be discharged if he did not pursue his education. Her statement that taxpayer's additional education was "necessary" is not inconsistent with its being characterized a "request" rather than a "requirement."

■■ Nor can taxpayer prevail by reliance upon the alternative ground for deductibility permitted under the 1958 regulation that his prime motivation was to maintain and to improve the skills required for his position at Grossinger's. The fact that academic credit, a degree, a new job or advancement may result, does not preclude a deduction for an educational expense. Rev. Ruling 97–1960, 1 Cum. Bull. 69. Compare Treas. Reg. § 1.162–5(b) (3) (1967). But here taxpayer was predominantly an an entertainer and not a professional psychologist, and a doctorate in psychology appears to be an unnecessary attainment for one whose lectures were intended merely to entertain. See Mertens' Code Commentary, Law of Federal Income Taxation ch. 1, subch. B, 172. A more accurate indication of taxpayer's main interest in pursuing his higher education is the fact that he entered upon an internship as soon as he received his doctorate. Taxpayer's reliance on Greenberg v. Commissioner, supra, is misplaced. In *Greenberg*, a licensed psychiatrist was permitted to deduct the cost of learning a specialty within his own general field. Even if the education maintains or improves skills required by the taxpayer in his trade or business, he is not entitled to a deduction unless he has met the minimum requirements for qualification or establishment in that trade or business. Until such time the expense of such education is not deductible because it is personal in nature. See Treas. Reg. § 1.162–5(b) (1958) and § 1.162–5(b) (2) (1967). The taxpayer in *Greenberg* satisfied the minimum requirements for one engaged in his profession. The case

---

4. On his returns he claimed $2,890, $2,508, and $2,630 for tuitional and living expenditures. The stipulation of facts, however, indicates expenditures for the respective years were as follows: $2,029, $1,708, and $1,630. Grossinger's paid him $5,595, $5,415, and $5,420 respectively.

at bar, in contrast, involves a non-professional seeking to deduct expenditures incurred in changing the direction and nature of his career from a non-professional one to a professional one. Such deductions have been consistently disallowed. See Bittker, Federal Income Estate and Gift Taxation 260 (3d ed. 1964) and 4A Mertens, Law of Federal Income Taxation 498–99 and cases cited therein. The Tax Court's determinations are not clearly erroneous.

■ Second, the 1967 regulation also provides no support for taxpayer's claims. The 1967 regulation eliminates the need to ascertain the taxpayer's primary motive in incurring educational expenses but, in turn, does not permit deductibility for the educational expenses taxpayer may incur for "education which is part of a program of study being pursued by him [taxpayer] which will lead to qualifying him in a new trade or business." Treas. Reg. § 1.162–5(b) (3).[5] Under these new regulations, even if the course of study taxpayer pursued was required by his employer as a condition of employment and was pursued by him exclusively for the purpose of satisfying his employer's requirements, the expenditures would not be deductible if taxpayer qualified for a new trade or business as a result of the education. See Treas. Reg. § 1.162–5(b) (3), Example (2), supra, note 5.

■ Finally, taxpayer's argument that subsection (b) (3) of the new regulation is arbitrary and invalid is not

5. § 1.162.5.  Expenses for education.—
(a) *General rule.* Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—
(1) Maintains or improves skills required by the individual in his employment or other trade or business, or
(2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.
(b) *Nondeductible educational expenditures—*(1) *In general.* Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations.
\*  \*  \*  \*  \*
(3) *Qualification for new trade or business.* (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment.
\*  \*  \*  \*  \*
(ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples:
*Example* (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are non-deductible because this course of study qualifies him for a new trade or business.
*Example* (2). Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are *not* deductible since this course of study qualifies him for a new trade or business.
\*  \*  \*  \*  \*

persuasive. The regulation merely disallows a deduction for expenditures required by an employer which do not help the taxpayer maintain or improve the skills of his present job, but rather qualify him for a new trade or business.

We affirm the Tax Court.