LEE B. FISHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fisher v. Commissioner
Docket No. 26053-82.
United States Tax Court
T.C. Memo 1986-217; 1986 Tax Ct. Memo LEXIS 391; 51 T.C.M. (CCH) 1097; T.C.M. (RIA) 86217; May 29, 1986. John W. Condon, Jr., for the petitioner. Timothy M. Cotter, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $23,056.60 in petitioner's Federal income tax for the taxable year 1978 and additions to tax of $2,305.66 under section 6651(a) and $5,166.78 under section 6653(a) of the Internal Revenue Code. [1] The issues for decision are whether petitioner (1) failed to report on his Federal income tax return $32,938 in interest income received by him during the 1978 taxable year; (2) is liable for an addition to tax under section 6651(a) for the late filing of his 1978 return; and (3) is liable for an addition to tax for negligence under section 6653(a). We have combined our findings of fact *392 and opinion in order to avoid unnecessary repetition. Some of the facts have been stipulated and are so found. Petitioner resided in Buffalo, New York at the time he filed his petition herein. Petitioner's 1978 Federal income tax return was filed on August 11, 1979 and was received by the Andover Service Center on August 15, 1979. In 1978, petitioner was credited with interest income of $1,148 by the Marine Midland Bank and of $34,654.29 and $2,764.07 (in Candian funds) by the Canadian Imperial Bank of Commerce with respect to which $5,198.14 and $414.61, respectively (in Canadian funds) was withheld as non-resident tax and paid over to the Canadian government. [2]
On his 1978 return, petitioner reported $140,000 on line 20 as "other income." He gave no breakdown or description in respect of such income, *393 but he did report the $140,000 as self-employment income on Schedule SE and paid the self-employment tax thereon. His 1978 return contained no indication of interest income on line 9 or elsewhere. In fact, all other lines describing items of income were left blank. At the trial, petitioner testified that the $140,000 included the above-mentioned interest income. He described the balance of the $140,000 in vague and general terms, claiming the Fifth Amendment with respect to any further testimony as to the composition of the $140,000. One other witness (a lawyer for petitioner, although not in this case) testified that he had advised petitioner to report his income for 1978 in this fashion on the basis of advice by an accountant whom the lawyer had consulted and who also testified. At the trial, we admitted (over petitioner's objections) certain evidence relating to petitioner's interest income for 1975, 1976, and 1977 and the manner of reporting his income on his Federal income tax returns for these years. We think that this evidence is clearly relevant to evaluating the testimony relating to the claimed handling of petitioner's interest income for 1978. This is particularly *394 the case in light of petitioner's refusal to give a breakdown of the sources of his other income for that year. A further examination of that evidence has revealed certain discrepancies which cast doubt on the testimony given at trial. [3] Thus, petitioner's 1975 return (on p. 1) showed only a figure of $11,800 of "other income" which he labelled (on p. 2) and reported as self-employment income on Form 1040 SE as "commissions" income. Consequently, he could not have included in that return $2,573.59 of interest income in Canada which it appears he received in that year. In 1976, petitioner reported $1,457 as interest income from the Internal Revenue Service and the Marine Trust Co., and $15,500 of "other income" (on p. 1), which he also labelled (on p. 2) *395 as "commissions" and reported as self-employment income on Form 1040 SE. Yet in 1976, he appears to have had $33,460.28 interest income in Canada, an amount far in excess of the gross income reported on his 1976 return. The 1976 pattern is repeated in 1977 except that the "other income" ($15,000) is not further labelled but is reported as self-employment income on Form 1040 SE; in 1977, petitioner appears to have had $39,251.32 interest income in Canada, an amount far in excess of the gross income reported on his return. [4]
The foregoing pattern clearly indicates that, based upon the handling of the reporting of his income in prior years, petitioner may well not have included in the $140,000 "other income" reported for 1978, the interest income which respondent determined was omitted. The burden of proof is on petitioner as to all issues herein. *396 Rule 142(a). His claim of the privilege against self incrimination does not relieve him of that burden. United States v. Rylander,460 U.S. 752, 758-759 (1983); Steinbrecher v. Commissioner,712 F.2d 195, 198 (5th Cir. 1983), affg. a Memorandum Opinion of this Court. Nor, under the circumstances herein, are we required to accept petitioner's self serving testimony or the testimony of the other witnesses whom we saw and heard. Quock Ting v. United States,140 U.S. 417, 420-421 (1891); Fleischer v. Commissioner,403 F.2d 403, 406 (2d Cir. 1968), affg. a Memorandum Opinion of this Court. We are far from satisfied that the testimony of petitioner's lawyer and the accountant sufficiently corroborates petitioner's testimony to establish a prima facie case. Moreover, we note that petitioner's refusal to testify as to the composition of the $140,000 "other income" effectively deprived respondent of the opportunity to refute petitioner's evidence by means of cross-examination or countervailing evidence. See Gerling International Insurance Co. v. Commissioner, 86 T.C.     (March 26, 1986) (slip opinion p. *397 18). Reasoning, similar to that above, leads us also to hold that petitioner has failed to carry his burden of proof as to the addition to tax for negligence under section 6653(a). We reach the same conclusion as to the addition to tax for late filing of his 1978 return under section 6651(a); the record is totally devoid of any probative evidence justifying the delay beyond April 15, 1979. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
2. Petitioner has made no claim, either in his 1978 tax return or at any time during the proceedings herein for any foreign tax credit.↩
3. In light of this further examination, we will no longer, as we did at trial, characterize this evidence as equivocal. However, in view of the nature of petitioner's income producing activities, we have determined that his failure to file Department of the Treasury Forms 90-22.1 (Report of Foreign Bank and Financial Accounts) has been satisfactorily explained and we have not attached any significance to this failure.↩
4. There is no indication that this excess could possibly have been accounted for by the differential in exchange rates between the Canadian and U.S. dollar. For example, in 1978, the Canadian dollar was worth approximately 90 U.S. cents.↩