JACK R. ROSS AND SHEILA ROSS, n.k.a. SHEILA LEVINE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Commissioner
Docket No. 20582-88
United States Tax Court
T.C. Memo 1990-23; 1990 Tax Ct. Memo LEXIS 23; 58 T.C.M. (CCH) 1200; T.C.M. (RIA) 90023; January 16, 1990
Jack R. Ross, pro se. Drita Tonuzi, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined, for the taxable year 1980, a deficiency in petitioners' Federal income tax of $ 26,989.00 and an addition to tax of $ 1,349.00 under section 6653(a). [1] The issues are whether petitioner Jack R. Ross received constructive dividends in 1980 from his wholly owned corporation and, if so, the amount thereof, and whether he [2] is liable for the addition to tax. *24 FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners filed a joint Federal income tax return for the year in issue with the Brookhaven Service Center at Holtsville, New York. All further references to petitioner are to Jack R. Ross unless otherwise specified. At the time of the filing of the petition herein, petitioner maintained his residence in Woodbury, New York. During the year in issue, petitioner was the sole shareholder, officer, and employee of Jack R. Ross P.C. (the corporation). Incorporated in 1976, the corporation was a professional corporation through which petitioner, an attorney and a certified public accountant, provided legal and tax services. During the year in issue, petitioner did not receive a salary from the corporation. During the year in issue, the corporation purchased household furniture in the amount of $ 47,503.53 for petitioners' residence. A document entitled "Equipment Lease" (lease), dated December 30, 1979, reflects petitioner and his former wife as lessees and the corporation as lessor of furniture, furnishings, and improvements *25 with a stated cost of $ 48,000.00. The term of the lease is 10 years, with 10 annual payments of $ 6,600.00 due by December 31. On December 30, 1980, the corporation purchased a 1979 Ferrari for $ 39,250.00. The purchase invoice shows a settlement of a $ 5,000.00 deposit, $ 14,250.00 cash on delivery, and $ 20,000.00 on the trade-in of a 1979 Mercedes Benz. By statutory notice of deficiency, respondent made an adjustment to petitioners' taxable income in the amount of $ 63,626.00, representing the following constructive dividends claimed to have been received by petitioner from the corporation: Garage Rent
$    954.00
Travel and Promotion Expense
1,360.00
Insurance
1,298.00
Household Furniture Purchased by the Corporation
40,864.00
Ferrari Auto Purchased by the Corporation
19,250.00
63,726.00
Less: Dividend Exclusion
100.00
Net Adjustment
$ 63,626.00
By statutory notice of deficiency, dated July 6, 1987, respondent determined deficiencies in the corporation's Federal income tax for the taxable years 1980, 1981, and 1982. Respondent disallowed, among other things, the depreciation deductions *26 and investment tax credits claimed by the corporation during the year in issue for the household furniture and the Ferrari. Further, the corporation incurred garage and insurance expenses in the amount of $ 954.00 and $ 1,298.00, respectively, which respondent disallowed as business expenses. The corporate notice of deficiency also removed the $ 6,600 rental income claimed to have been paid by petitioner for the use of the household furnishings. The corporation failed to file a timely petition with this Court to contest respondent's determinations for the taxable years 1980, 1981, and 1982. [3]
The parties stipulate that during the year in issue the corporation's earnings and profits equalled at least $ 47,278.00. Form 4562, Depreciation, attached to the corporate Federal income tax return filed for 1980, reflects that the Ferrari was placed in service during 1980. Further, Schedule L, Balance Sheets, attached to the same corporate return, shows a liability, as of the end of 1980, on an auto account payable in the amount of $ *27 14,250.00. OPINION At the outset, we dispose of certain matters reflected in petitioner's brief. Petitioner seems to be under the impression that respondent, not he, has the burden of proof, because he complains about alleged gaps in the deficiency notice and respondent's failure to produce evidence. We are satisfied that the deficiency notice was more than adequate to apprise petitioner of the nature of the adjustments to his 1980 return. Moreover, it is abundantly clear from the record that petitioner was fully aware in advance of trial of the issues which he needed to confront. Under these circumstances, we see no reason to go behind the notice of deficiency or to depart from the general rule that the burden of proof on all issues, including the addition to tax, is on petitioner. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Ewing v. Commissioner, 91 T.C. 396, 423 (1988); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974). Petitioner also suggests that he is entitled to relief because certain events (as to which there is no evidence of record) impaired his ability to produce evidence. This position *28 is totally without merit. Burnet v. Houston, 283 U.S. 223 (1931). Petitioner further seeks to utilize his brief to offer evidence, not adduced at trial, to support his position on the substantive issues involved herein. Briefs are simply not a vehicle for such purpose. Evans v. Commissioner, 48 T.C. 704, 709 (1967), affd. per curiam 413 F.2d 1047 (9th Cir. 1969). [4]
One further preliminary matter. Aside from the stipulated facts, the only evidence adduced at trial was through the testimony of petitioner. His testimony was obviously self-serving and, to the extent relevant, we find it unpersuasive. We are, of course, not required to accept such testimony as gospel. E.g., Fleisher v. Commissioner, 403 F.2d 403, 406 (2d Cir. 1968); Leong v. Commissioner, T.C. Memo. 1977-19, affd. without published opinion 573 F.2d 1291 (2d Cir. 1977). Against the foregoing background, we turn to the issues to be decided. At the outset, we note that *29 a corporate expenditure may constitute a constructive dividend to a shareholder depending upon the extent to which such expenditure serves a business purpose of the corporation and/or confers an economic benefit on the shareholder without expectation of repayment. Crosby v. United States, 496 F.2d 1384, 1388-1389 (5th Cir. 1974); Cirelli v. Commissioner, 82 T.C. 335, 351 (1984); see also Falsetti v. Commissioner, 85 T.C. 332, 356-357 (1985). The vague, general testimony of petitioner (without any supporting details) that the Ferrari and the household furnishings were used in the business of the corporation is totally insufficient to carry his burden of proof. We hold that the purchase of the Ferrari and the household furnishings did not serve any business purpose of the corporation. In the same vein, we conclude that petitioner has failed to carry his burden of proof that he did not derive any personal economic benefit from such purchases. Indeed, we can think of no items more likely personally to benefit an individual than an automobile and furnishings for a residence. Automobile
Petitioner asserts that neither *30 he nor the corporation was in possession of, or had title to, the Ferrari at the close of 1980 and therefore that he cannot be charged with receipt of a constructive dividend during the year in issue. At trial, petitioner claimed that the car was not actually delivered until 1981. Such testimony is directly contradictory to the corporation's claim of an investment credit and depreciation in respect of the Ferrari on its income tax return for 1980. Furthermore, the purchase invoice dated December 30, 1980, has a handwritten inscription stating "Paid." Petitioner has supplied no evidence (such as a registration card or the testimony of a representative of the seller) that delivery did not in fact occur on December 30 or December 31, 1980. We hold that petitioner has not carried his burden of proof that the Ferrari was not delivered in 1980 and that he was not in receipt of a constructive dividend in respect of the Ferrari at year end. Petitioner further asserts that, in any event, the measure of his taxable income, in respect of the Ferrari, should be limited to the rental value of 2 days since this is the total period in which the automobile could have been used in 1980. *31 While we recognize that rental value is often the measure of taxability to a shareholder for the use of corporate property, see Nicholls, North, Buse Co. v. Commissioner, 56 T.C. 1225, 1240-1242 (1971), the employment of such measure is founded upon the fact that the property in question is owned by the corporation. In the instant case, the only evidence (aside from petitioner's testimony and the corporate tax return) is the purchase invoice in the name of the corporation. But this document shows no more than that the Ferrari was ordered in the name of the corporation. No certificate of title or automobile registration or other evidence as to ownership was submitted. Taking into account the fact that petitioner admitted on brief that $ 20,000 of the purchase price of the Ferrari was paid by the trade-in of a car which he owned personally, we conclude that he has failed to carry his burden of proving that the Ferrari was not bought for him by the corporation to deal with as he saw fit for his own benefit without restriction. Under these circumstances, we hold that the excess of the purchase price of the Ferrari *32 over the credit for the trade-in, or $ 19,250, constitutes taxable income to petitioner in 1980. As a consequence, the amount of the fair rental value of the Ferrari (as to which the record is devoid of evidence) is irrelevant. Household Furnishings
Petitioner asserts that the household furniture and furnishings were bought and owned by the corporation and leased to petitioner at a fair rental value. Respondent counters by asserting that the lease agreement lacked economic substance, that it was not a valid lease, and that its sole purpose was to provide a gloss of legitimacy to the tax treatment of obviously personal expenses. We agree with respondent. It is well settled that the simple expedient of drawing up papers will not control for tax purposes when the objective economic realities are to the contrary. See Frank Lyon Co. v. United States, 435 U.S. 561, 573 (1978). We are far from satisfied that the lease was an arm's-length transaction. Petitioner was on both sides of the transaction. The lease was dated December 30, 1979, although the corporate checks *33 in payment for the furniture and furnishings were all dated in 1980, some as late as December of that year. There is no other evidence of purchase; the stipulation merely states that the corporation purchased the furniture during 1980. Nor are we satisfied that the $ 6,600 rent was ever paid. Petitioner's testimony that it was paid through a crediting of that amount to the amount owed by him to the corporation is not even sufficiently confirmed by the workpapers for the corporation, prepared by petitioner, and therefore is clearly self-serving and entitled to little weight. Finally, we note that, aside from an uncorroborated rate of return interpolation by petitioner, there is not a scintilla of evidence that a $ 6,600 annual rental was reasonable, a determination which is critical at least where a lease between related parties is involved. Sparks Nugget, Inc. v. Commissioner, 458 F.2d 631, 634-635 (9th Cir. 1972), affg. a Memorandum Opinion of this Court. In short, we conclude that the lease should be disregarded as nothing more than an attempt by petitioner to obtain the benefit of a deduction at the corporate level without personally receiving a corresponding *34 amount of income. Under the foregoing circumstances, we also conclude, as we did in respect of the Ferrari, that petitioner has failed to carry his burden of proof that the household furniture and furnishings were not bought for him by the corporation to deal with as he saw fit for his own benefit without restriction. We hold that the stipulated amount representing the cost of such furnishings was income to petitioner in 1980. Again, as in the case of the Ferrari, fair rental value as the measure of the constructive dividend is irrelevant. See p. 9. Insurance, Rent, Travel and Entertainment Expenses
Petitioner has not provided any substantive challenge to respondent's determination that the amounts for these items constitute constructive dividends. Consequently respondent's determinations in respect of these items is sustained. Earnings and Profits
The parties have stipulated that, for 1980, the corporation's earnings and profits "at least equalled $ 47,278.00" (emphasis supplied). Petitioner has presented no evidence that the corporation's current and accumulated earnings and profits did not exceed that amount. Consequently, the amount of constructive *35 dividends to petitioner for the taxable year is not limited to that amount and respondent's determination in full is sustained. Additions to Tax
Section 6653(a) imposes an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Viewing the record as a whole, and based upon petitioner's high level of sophistication in tax, we find that petitioner's conduct represents a blatant and intentional disregard for well-established rules. Decision will be entered for respondent. Footnotes
1. All statutory references are to the Internal Revenue Code as amended and in effect for the taxable year at issue. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure. ↩
2. Pursuant to a Stipulation of Settlement filed with this Court on May 1, 1989, petitioner Sheila Levine, petitioner Jack R. Ross' ex-wife, has conceded the income inclusion of $ 4,900 of unreported wages received from the corporation during the year in issue. The Stipulation of Settlement also provides that the provisions of section 6013(e) relieve her of liability as to all issues set forth in the notice of deficiency except for the inclusion in income of $ 4,900.↩
3. There is no evidence of record that the corporation filed any claim for refund of any of the deficiencies which may have been assessed and paid.↩
4. See also Teague v. Commissioner, T.C. Memo. 1986- 593↩.