KEVIN AND MARILYNN K. SEITS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Seits v. Commissioner
Docket No. 8541-93
United States Tax Court
T.C. Memo 1994-522; 1994 Tax Ct. Memo LEXIS 530; 68 T.C.M. (CCH) 972; October 18, 1994, Filed *530 Decision will be entered for respondent. For petitioners: John H. Lavelle. For respondent: Tracy A. Murphy. WELLS
WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 86,144 for taxable year 1988. The issue to be decided is whether the gain on the sale of petitioners' cooperative apartment is attributable to a passive activity under section 469. [1]
FINDINGS OF FACT Some of the facts and certain documents were stipulated for trial pursuant to Rule 91. The parties' stipulations are incorporated in this opinion by reference and are found accordingly. At the time the petition was filed, petitioner Kevin Seits (petitioner) was a resident of Brownsville, Vermont, and petitioner Marilynn Seits was a resident of West Palm Beach, *531 Florida. [2]
Petitioner graduated from Cornell University in 1960. After receiving a law degree from Cornell Law School in 1963, petitioner practiced general law in Manhattan for a number of years. Petitioner then went to work for a brokerage firm as an attorney. He later became a manager and then a partner at the brokerage firm. During 1982, petitioners purchased a cooperative apartment located at 1120 Park Avenue, New York, New York (the apartment), for $ 550,000. At that time, petitioners worked in New York City and used the apartment as their principal residence. Petitioner decided to leave the brokerage business. Consequently, petitioners sold half of the brokerage business during 1982 and the other half during 1983. Petitioners moved to Vermont and ceased to use the apartment as their personal residence. Petitioner began practicing law *532 in Vermont, doing pro bono work for Windsor County Family Court. Petitioner, however, continued to make trips to New York City to supervise the liquidation of the brokerage firm. Every 2 to 3 weeks, petitioner spent 2 to 3 days in New York City, staying in the apartment instead of a hotel. Although the liquidation of the brokerage firm was completed during 1984, during 1985 and 1986, petitioners continued to use the apartment on occasional trips to New York City. During 1987, petitioners' personal use of the apartment ceased, but petitioners continued to maintain the apartment. Petitioners spent approximately $ 3,000 per month for the upkeep of the apartment. Petitioners never listed the apartment for rent with any brokers. Additionally, petitioners never formally advertised the availability of the apartment for rent. Petitioners never rented or sublet the apartment. Petitioners, however, did allow several brokers to view the apartment during 1987 to facilitate a possible sale. On their 1987 income tax return, petitioners did not list the apartment as rental property on Schedule E for taxable year 1987. Petitioners did, however, list several of their other properties as *533 rental properties on Schedule E. On November 17, 1987, petitioners entered into a contract to sell the apartment for $ 1,375,000. On January 26, 1988, the closing took place. At the time petitioners sold the apartment, the fair market value of the apartment was at least $ 1,375,000, and petitioners' adjusted basis was $ 550,000. On their 1988 income tax return, petitioners reported a realized gain from the sale of the apartment in the amount of $ 674,015. Petitioners treated the taxable gain from the sale of the apartment as passive activity income. Ultimately, petitioners deducted passive activity losses against their gain from the sale of the apartment. Respondent determined that petitioners had improperly classified the gain from the sale of the apartment as passive activity income. Respondent reclassified the gain as investment income resulting in the aforementioned deficiency. OPINION Petitioners contend that their activity with respect to the apartment was a rental activity which qualifies as a passive activity under section 469(c)(2). On the other hand, respondent contends that petitioners have not established that they held the apartment as a rental activity. Respondent *534 further contends that the record indicates that petitioners held the apartment for investment. Respondent's determination in the notice of deficiency is presumed correct. The taxpayer bears the burden of proving that respondent's determination is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Toups v. Commissioner, T.C. Memo. 1993-359. In general, section 469 provides that a taxpayer may only deduct losses attributable to passive activities to the extent of the taxpayer's income from all such passive activities. Section 469(c) defines a "passive activity" as (1) any activity which involves the conduct of a trade or business, and in which the taxpayer does not materially participate; and (2) any "rental activity". Section 469(j)(8) defines a "rental activity" as "any activity where payments are principally for the use of tangible property". The temporary regulations provide that an activity is a rental activity for a taxable year if (A) During such taxable year, tangible property held in connection with the activity is used by customers or held for use by customers; and (B) The gross income attributable *535 to the conduct of the activity during such taxable year represents (or, in the case of an activity in which property is held for use by customers, the expected gross income from the conduct of the activity will represent) amounts paid or to be paid principally for the use of such tangible property (without regard to whether the use of the property by customers is pursuant to a lease or pursuant to a service contract or other arrangement that is not denominated a lease). [Sec. 1.469-1T(e)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988).]
Additionally, section 469(e) provides a special rule for the characterization of income or loss from the disposition of property held for investment. Pursuant to section 469(e)(1)(A)(ii)(II), gain or loss not derived in the ordinary course of a trade or business which is attributable to the disposition of property held for investment is not treated as income from a passive activity. Petitioners contend that their activity with respect to the apartment constitutes a rental activity. Petitioners concede that they never rented or sublet the apartment. Accordingly, the apartment was never used by *536 customers, and petitioners never received gross income attributable to the apartment. Consequently, we must decide whether petitioners held the apartment for use by customers. The only evidence petitioners offered in support of their position is petitioner's self-serving statements. We need not accept at face value such uncorroborated testimony if it is questionable, improbable, or unreasonable. Quock Ting v. United States, 140 U.S. 417, 420-421 (1891); Fleischer v. Commissioner, 403 F.2d 403, 406 (2d Cir. 1968), affg. T.C. Memo. 1967-85; Boyett v. Commissioner, 204 F.2d 205, 208 (5th Cir. 1953), affg. a Memorandum Opinion of this Court; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Petitioner testified that by mid-1986, petitioners were rarely using the apartment and were incurring $ 3,000 in maintenance fees per month. He also testified that the apartment had become a financial burden, and that he and his wife sought to rent it to an acceptable tenant or tenants. Petitioners concede that they would have sold the apartment *537 if a buyer had appeared, but petitioner testified that petitioners preferred to maintain the apartment as rental property. Respondent points to evidence contradicting petitioner's self-serving testimony. Petitioners never listed the apartment as available for rent with any broker. Petitioners never advertised the availability of the apartment in any newspaper or magazine. Petitioners did not list the apartment as a rental property on their 1987 income tax return, but they did list other properties as rental properties on the return. We also note that petitioners stipulated that once "petitioners' personal use of the cooperative apartment ceased * * *, petitioners continued to hold the cooperative apartment as investment property." Petitioner testified that petitioners did not list the apartment with a broker or otherwise advertise the apartment's availability because their real estate lawyer advised them against doing so. According to petitioner, the lawyer was concerned that if petitioners openly publicized the availability of the apartment, they would likely be subject to "rejection litigation"; i.e., lawsuits brought by prospective tenants who were denied approval by the *538 board of directors of the apartment building. Petitioner further testified that the lawyer recommended that petitioners solicit potential tenants by speaking with friends who were thought to be qualified tenants or friends who could refer qualified tenants. Finally, petitioner testified that he talked to friends as well as people he knew at the New York Athletic Club and the City Midday Club to solicit potential tenants, and that he spoke to at least 12 people about the availability of the apartment. Petitioners, however, did not call any witnesses to corroborate petitioner's testimony about their attempts to rent the apartment. "The rule is well established that the failure of a party to introduce evidence within his possession and which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable." Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Based on the record in the instant case, we hold that petitioners have not satisfied their burden of proving that they held the apartment out as a rental property. Accordingly, *539 we hold that the gain from the sale of petitioners' apartment is not attributable to a passive activity under section 469. All other arguments of petitioners have been considered and are found to be without merit. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners were divorced during 1992, and, pursuant to a divorce decree, petitioner Kevin Seits assumed all Federal tax liabilities for the taxable year in issue.↩