T.C. Memo. 2013-129

UNITED STATES TAX COURT

JUANITA WRIGHT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26646-09.                 Filed May 20, 2013.

Juanita Wright, pro se.

Brian S. Jones, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge: Respondent determined a $4,846 deficiency and additions

to tax of $1,020.37, $566.87, and $212.95 pursuant to sections 6651(a)(1) and (2)

and 6654(a), respectively, for 2006. After concessions, the issues for decision are

whether petitioner is entitled to deductions for a casualty loss, noncash charitable

**[*2]** contributions, attorney's fees, and tax preparation fees and whether she is liable for the additions to tax under section 6651(a)(1) and/or (2). All section references are to the Internal Revenue Code in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Maryland when her petition was filed. During 2006, she received taxable income from wages, Social Security benefits, a Maryland State tax refund, interest, pension payments, and a pension distribution.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2006 on October 9, 2009, and attached a Schedule A, Itemized Deductions. She claimed a total of $19,851 in itemized deductions, including medical expenses, cash charitable contributions, State and local taxes withheld, legal fees, safe deposit box rental, and investment expenses, which have now been stipulated.

The largest item claimed on petitioner's Schedule A, which is still in dispute, is a casualty loss of $10,739 ($15,000, reduced to reflect statutory

[*3] limitations of $100 and 10% of adjusted gross income). Petitioner's claim is based on water damage to her rented apartment, clothing, books, and other personal possessions on August 12, 2006.

Petitioner filed a claim for reimbursement for physical damage to her property and consequential damages, such as dry cleaning and storage fees, with Nationwide Insurance. She also claimed additional living expenses. Nationwide Insurance made payments to petitioner as follows:

| Date | Amount | Designation of Payment |
|------|--------|------------------------|
| 9/19/2006 | $634.43 | Living expenses |
| 9/20/2006 | 233.07 | Living expenses |
| 10/9/2006 | 768.46 | Living expenses |
| 10/12/2006 | 750.00 | Personal property, papers, boxes, heater, books copies |
| 11/21/2006 | 1,761.23 | Living expenses $861.23; personal property $900 |
| 12/12/2006 | 611.19 | Personal property |
| 9/18/2007 | 1,500.00 | Personal property |
| 3/19/2008 | 2,051.51 | Living expenses |

The $1,500 payment made on September 18, 2007, was made after an attorney employed by petitioner provided to the insurance company an itemized list of clothing damaged in the August 12, 2006, casualty.

[*4]    In 2006, petitioner paid $150 for preparation of her 2005 tax return and paid $500 to Jo Ann P. Myles for legal services relating to a landlord/tenant dispute.

Petitioner secured an extension of time to October 15, 2007, to file her 2006 Federal income tax return, and she paid $50 with the request for extension and $261 through withholding in 2006.  On May 30, 2007, she fell and fractured her leg.  She was in the hospital for about a week and then in a rehabilitation center for about three weeks.  Afterwards her leg was in a cast for several months.  She did not file a Federal income tax return for 2006 before October 9, 2009, after the Internal Revenue Service (IRS) prepared and executed a substitute for return under section 6020(b) and sent petitioner a notice of deficiency.  She did, however, file a timely return for 2007 on which she claimed a $300 refund.

OPINION

Procedural Matters

The petition in this case was filed November 9, 2009, and amended January 8, 2010.  In the amended petition, petitioner disputed the income reported to the IRS and the additions to tax.  The case was first set for trial on January 24, 2011, but was continued on petitioner's informal request.

The case was again set for trial on December 5, 2011.  Included with the notice setting case for trial was the Court's standing pretrial order.  The parties

**[*5]** were advised, among other things, of the necessity of exchanging documents that the party expects to offer into evidence at trial no later than November 21, 2011. On August 17, 2011, respondent served a request for production of documents seeking production of documents that petitioner intended to use in her case and a request for admissions. Petitioner sought an extension of time to respond to both requests, which the Court extended to October 31, 2011, in an order that included the following:

> Petitioner is warned that if she fails to timely file the response to respondent's request for admissions or if the Court determines that the response does not comply with the requirements of Rule 90(c), Tax Court Rules of Practice and Procedure, with regard to any matter in the requested admissions, the Court may order that the matter is deemed admitted for purposes of this proceeding.

The case was called and recalled on December 5, 2011. Petitioner again requested a continuance to obtain additional documents. She had not produced records from her insurance company despite respondent's repeated requests for such records. The Court granted petitioner's motion for continuance in an order that included the following:

> ORDERED that on or before February 29, 2012, petitioner shall provide to respondent's counsel any and all documents or other materials that petitioner wishes to rely upon in support of her case;

[*6] unless otherwise ordered by the Court, petitioner shall not be entitled to rely upon or introduce into evidence documents or other materials that are not provided to respondent's counsel by February 29, 2012. It is further

ORDERED that on or before March 30, 2012, the parties shall file a joint status report reflecting the then-present status of this case.

In a joint status report filed April 5, 2012, respondent conceded medical expenses, cash contributions, safety deposit box rent, investment expenses, and legal expenses on the basis of documents that petitioner provided. The case was then set for trial on June 25, 2012.

On April 10, 2012, petitioner filed another motion for continuance, which was denied. On June 15, 2012, she filed another motion for continuance, which was set for hearing on June 25, 2012. At the hearing respondent explained that petitioner had failed to produce insurance company records, so respondent subpoenaed those records. The motion for continuance was granted because petitioner represented that she was suffering from dental problems, and the case was set for trial on November 5, 2012. The Court's standing pretrial order again reminded the parties of the necessity of exchanging documents at least 14 days before trial.

[*6]   At the time of trial, the parties filed a stipulation attaching various documents

received from petitioner and from Nationwide Insurance. Additional documents were presented by petitioner. Some were received in evidence, and some were excluded because they were untimely under the outstanding orders and some because they were unnecessary in view of petitioner's uncontradicted testimony about her medical condition in 2007. At the conclusion of trial, the Court ordered respondent to proceed with a brief summarizing respondent's position on the evidence and issues and ordered an answering brief from petitioner. Thereafter, petitioner filed motions to reopen the record for further documents and to be relieved of the stipulation. Both motions were denied. After three continuances and three years between the petition and the trial, there was no excuse for extending the proceedings. An order dated November 16, 2012, among other things, included the following:

> Petitioner is advised that she should confine any further communications to the Court to her response to respondent's opening brief, when filed, in her reply brief due February 21, 2013. She is further advised that Rule 143(c), Tax Court Rules of Practice and Procedure provides in part that "ex parte affidavits, statements in briefs, and unadmitted allegations in pleadings do not constitute evidence." Finally, she is advised that the form and contents of briefs are set forth in Rule 151(e), Tax Court Rules of Practice and Procedure. It is further
>
> [*7] ORDERED that copies of Rules 143 and 151 are attached to this Order to be served on petitioner.

After another extension of time requested by petitioner, her answering brief was filed. Attached to it were over 150 pages of copies of materials expressly excluded from evidence during trial, not previously presented, or duplicative of documents received in evidence. Although the attachments were not appropriate for filing and could be stricken, they have been included as part of the record to demonstrate petitioner's persistence in disregarding time limitations and the Court's orders and Rules. We have not considered the improper attachments in our findings of fact.

Petitioner has the burden of proving that she is entitled to the deductions that she claims. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). The evidence includes some records as to the casualty loss but only petitioner's testimony as to other deductions. We need not accept petitioner's testimony and may reject it when inconsistencies or improbabilities render it unreliable. See Fleischer v. Commissioner, 403 F.2d 403, 406 (2d Cir. 1968), aff'g T.C. Memo. 1967-85; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). In view of the many inconsistencies in the evidence and in petitioner's evolving claims, we conclude that many of her recollections and reconstructions are not

[*9] reliable. As indicated below, however, we have accepted her testimony as to her medical situation in 2007 and a $150 deduction for a tax preparation fee payment consistent with our statements during the trial that we would do so.

Casualty Loss

There is no dispute that in 2006 petitioner suffered water damage to her property. Respondent contends, however, that any loss is not deductible until petitioner's claim was resolved by Nationwide Insurance, that the claim was still pending as of the end of 2006, and that, in any event, petitioner has not substantiated any loss not reimbursed by insurance. See section 1.165-1(d)(2)(i), Income Tax Regs., which precludes deduction of a casualty loss in a year in which there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery.

Petitioner contends that she was told in 2006 that her claim against Nationwide Insurance was closed and that the subsequent payments were the result of "reopening" that claim. The record of ongoing communications between her and the insurance company, however, contradicts that contention. She testified that the $1,500 she received in 2007 "wasn't part of the $15,000" and she was "going to take it off of my 2008 taxes". However, all of her claims were identified as resulting from water damage on August 12, 2006, and were part of the same [*9]

claim against the insurance company. Her testimony and the Nationwide Insurance records undermine her claim that the amount of loss from the 2006 casualty was resolved during 2006.

Petitioner also argues that she was never compensated for the value of her clothing, textbooks, photographs, x-rays, and other personal property. She denies receiving any payments in 2006 for damaged items, but again her contention is contradicted by records of the insurance company. She relies on her estimates of replacement costs or original costs, but she has not shown the fair market value of any of the property at the time of the loss. See sec. 1.165-7(a)(2), (b)(1), Income Tax Regs. She has not shown what items were not compensated by insurance, and her representations with respect to the insurance claim have been inconsistent and unreliable. We have no rational basis on which to estimate the correct allowance, if any. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985), distinguishing Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). We agree with respondent's contentions. Petitioner is not entitled to any deduction for the casualty loss claimed for 2006.

Charitable Contributions

Similarly, petitioner did not provide any substantiation of noncash items donated to charity by identifying the name and address of the donee organization,

[*11] the date and location of the contribution, and a description of the items and the fair market value of the items. See sec. 1.170A-13(b)(1), (2)(ii), Income Tax Regs. She merely claims she dropped unidentified items in a neighborhood box designated for charity. Again we have no rational basis on which to estimate the correct amount, if any, for the noncash contribution. See Vanicek v. Commissioner, 85 T.C. at 742-743. Petitioner is not entitled to any additional charitable contribution deduction beyond that conceded by respondent for cash contributions.

Tax Preparation Fee

On her 2006 Schedule A, petitioner claimed a $150 tax preparation fee. The document she initially provided to the IRS to substantiate that claim related to $107 paid for preparation of her 2006 return in 2009, so respondent doubted her credibility and rejected the claimed deduction. Petitioner testified at trial that she paid $150 for preparation of her 2005 return, after receiving a senior citizen discount. She asserts in her posttrial brief that she paid $215. Notwithstanding these inconsistencies, we accept her testimony that she paid $150 in 2006, and that amount is allowable as a miscellaneous deduction under section 212(3), subject to the 2% of adjusted gross income floor of section 67(a).

**[*12]** Attorney's Fee

The $500 attorney's fee petitioner paid relating to her landlord/tenant dispute is a nondeductible personal expense. See sec. 262. She is not entitled to any deduction for attorney's fees beyond the stipulated amount paid to recover income.

Section 6651(a) Additions to Tax

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing) unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction of a month during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent.

Section 6651(a)(2) provides for an addition to tax for failure to pay the amount shown as tax on a return, including a substitute for return prepared by the IRS. See sec. 6651(g)(2). That addition accrues at the rate of 0.5% of the amount shown on the return for each month or fraction of a month during which the failure to pay continues, up to a maximum of 25%. The total additions under section 6651(a) are limited if an addition applies under both section 6651(a)(1) and (2).

**[*12]** Sec. 6651(c). Each addition is for a separate and distinct infraction, is

imposed on a different amount, and is imposed for a different period.  See Estate of Rauhoff v. Commissioner, T.C. Memo. 1982-494.

The Commissioner bears the burden of production with respect to the liability of any individual for any penalty or addition to tax.  Sec. 7491(c).  That burden is to show that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  If the Commissioner carries that burden, the taxpayer must come forward with evidence sufficient to persuade us that imposition of the penalty or addition to tax is incorrect (e.g., because of the existence of reasonable cause and the absence of willful neglect).  See id. at 446-447.  Respondent's burden is met here because the 2006 return was not filed until 2009 and the amount shown on the substitute for return has not been paid.

Petitioner contends that the 2007 stay in the hospital and rehabilitation facility and the cast that remained on her leg are reasonable cause for her failure to timely file her 2006 return.  Petitioner argues that she had continuing medical issues, that some of the records necessary to the preparation of her 2006 return were damaged and that she had to obtain copies, and that she was displaced with her personal and business items in storage at the time the return was due.  Respondent argues that the timely filing of the 2007 return and petitioner's ability **[*13]** to carry on negotiations with Nationwide Insurance and perform other tasks during 2007 negate reasonable

cause. We are persuaded that the failure to file her 2006 return by the October 2007 due date was due to petitioner's circumstances and that the minimal activities she conducted during 2007 do not contradict her position, although we are troubled by the delay in filing the return that continued through 2008 and most of 2009. On balance, we conclude that petitioner had reasonable cause for late filing of the return and is not liable for the section 6651(a)(1) addition to tax.

The addition to tax for failure to pay under section 6651(a)(2), however, is avoided only if the taxpayer shows that she exercised ordinary business care and prudence in providing for payment of the liability and was nevertheless either unable to pay the tax or would suffer an undue hardship. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Petitioner paid only $50 on her 2006 liability with her application for extension of time and only $311 total, including amounts withheld from her 2006 income. Except for circumstances not present here, an extension of time for filing a return does not operate to extend the time for payment of the tax. Sec. 1.6081-1(a), Income Tax Regs. Thus, this addition to tax applies separately, even if reasonable cause exists for late filing of the return. Petitioner's explanation of the ongoing health issue and the unavailability of records necessary **[*14]** to filing her return does not apply equally to the simpler task of making a payment. See also Taylor v. Commissioner, T.C. Memo. 2009-27. There is no evidence that petitioner was

unable to pay the tax that was due or would suffer undue hardship from making payment.  The addition to tax under section 6651(a)(2) is applicable to petitioner's late payment, up to a maximum of 25% of the unpaid tax.

We have considered the other arguments of the parties.  Many of petitioner's arguments are not based on the evidence and are belated.  We do not, for example, address her arguments about application of subsequent payments of tax to years other than 2006, except to note that overpayments by a taxpayer may be applied to other tax liabilities of the taxpayer at the discretion of the IRS.  See sec. 6402(a); Weber v. Commissioner, 138 T.C. 348, 355-356 (2012); sec. 301.6402-3(a)(6)(i), Proced. & Admin. Regs.

To reflect the stipulation and our conclusions,

Decision will be entered

under Rule 155.