**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-108

UNITED STATES TAX COURT

JOSE C. BALLESTEROS AND LINDA S. BALLESTEROS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27880-11S.          Filed December 23, 2013.

Jose C. Ballesteros and Linda S. Ballesteros, pro sese.

Kim-Khanh Thi Nguyen, for respondent.

SUMMARY OPINION

COHEN, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies and section 6662(a) penalties as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2008 | $16,187 | $3,237.40 |
| 2009 | 15,749 | 3,149.80 |
| 2010 | 12,666 | 2,533.20 |

After concessions, the issues for decision are whether section 469 precludes petitioners' deductions for rental losses claimed and whether petitioners are liable for the penalties. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners resided in California when they filed their petition. During the years in issue, Linda S. Ballesteros (petitioner) was a full-time nurse for the County of Los Angeles, regularly working in 12-hour shifts three days a week. Her base salary was between $90,000 and $100,000 per year. Because she worked substantial overtime hours, she earned wages of at least $143,454 in 2008, $134,096 in 2009, and $139,912 in 2010. Jose C. Ballesteros was a full-time employee of MAG Aerospace Industries.

Petitioners owned two rental properties in Florida and one in Georgia. They also owned an investment property in Georgia. Tenants for petitioners' rental properties were usually obtained by travel agencies or realty companies. Tenants usually made needed repairs by themselves and were reimbursed by petitioners. A friend of petitioner was asked to check on the properties in Florida from time to time.

On their tax returns for 2007 through 2010, petitioners elected to group their rental properties as a single rental real estate activity, representing that they were real estate professionals. They deducted rental losses for each year in issue.

Petitioners prepared logs of the hours allegedly spent on their real estate activity, recording that petitioner spent 2,199 hours in 2008, 3,025 hours in 2009, and 2,248 hours in 2010, and Jose C. Ballesteros spent 901 hours in 2008, 1,005 hours in 2009, and 851 hours in 2010 on their rental activity.

Because petitioners lived in California and the properties were in Florida and Georgia, most of the hours recorded in the logs were for telephone calls, writing checks and delivering the checks to the post office, and other administrative tasks. Petitioners recorded a recurring time, usually two hours, to make a phone call or to pay bills and go to the post office, sometimes charging the same hours to each of their properties. Appointments were regularly recorded as

lasting four hours. Often each petitioner recorded the same hours for the same tasks. Many of the hours recorded on the logs related to their investment property in Georgia. Petitioners included hours related to social events during which they recruited friends to join in their investment plans for the property. Overall, the hours recorded in the logs were improbable and not credible in view of the described activities and petitioners' full-time employment.

Petitioners' rental losses were disallowed in the statutory notice of deficiency. Recomputed deficiencies taking into account the settled issues exceed the greater of 10% of the tax shown on their returns or $5,000 for each year.

## Discussion

Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212. Section 469(a), however, generally disallows any passive activity loss. A passive activity loss is defined as the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). For the purposes of section 469 and to the extent provided in regulations, a trade or business includes any activity with respect to which expenses are allowable as a deduction under section 212. Sec.

469(c)(6)(B).  Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates.  Sec. 469(c)(2), (4). Material participation is defined as involvement in the operations of the activity that is regular, continuous, and substantial.  Sec. 469(h)(1).

An exception to the rule that a rental activity is per se passive is found in section 469(c)(7), which provides that the rental activities of certain taxpayers in real property trades or businesses are not per se passive activities under section 469(c)(2), but are treated as a trade or business subject to the material participation requirements of section 469(c)(1).  See sec. 1.469-9(e)(1), Income Tax Regs.  A taxpayer may qualify as a real estate professional if:  (1) more than one-half of the personal services performed in trades or businesses by the taxpayer during the taxable year are performed in real property trades or businesses in which the taxpayer materially participates and (2) the taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.  Sec. 469(c)(7)(B)(i) and (ii).  In the case of a joint tax return, either spouse must satisfy both requirements.  Sec. 469(c)(7)(B). Thus, if either spouse qualifies as a real estate professional, the rental activities of the real estate professional are not per se passive under section 469(c)(2).

Although petitioners have asserted that each of them was a real estate professional, only petitioner appeared and testified at trial. She insisted that what was recorded in her logs represented what she did during the years in issue. At the Court's direction, respondent filed a memorandum brief addressing the reliability of petitioner's testimony and the logs she presented. Petitioners did not file a responsive brief. They presented no evidence or argument with respect to the activities of Jose C. Ballesteros other than the uncorroborated logs.

We need not accept petitioner's testimony and may and do reject it because of the many indicia of unreliability. See Fleischer v. Commissioner, 403 F.2d 403, 406 (2d Cir. 1968), aff'g T.C. Memo. 1967-85; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Petitioner's logs are unreliable because the hours she recorded for specific tasks, such as telephone calls and writing and mailing checks, were improbable in that they were excessive, apparently duplicative (charging the same hours to each rental property), and always the same. The total hours recorded are unrealistic in view of petitioners' full-time employment. On consideration of the entire record, we do not accept petitioners' claims as to the hours devoted to the rental activity.

Because we are not persuaded that petitioner spent more time on her rental activity during the years in issue than she spent working as a nurse, she has not

established that she is a real estate professional.  We also cannot rely on the logs to prove that either petitioner spent more than 750 hours on their rental activity. Thus, we need not analyze whether they materially participated in management of the rental properties.  Petitioners' rental activity, therefore, is per se passive, and they may not offset the losses against their other income.

Respondent also contends that petitioners' rental losses were not substantiated.  Petitioners did not produce to respondent or present at trial evidence of actual expenses incurred in relation to their rental properties.  Because we hold that petitioners are not entitled to deduct the losses, we need not address the substantiation issue.

Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax which is attributable to a substantial understatement of income tax.  An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties.  Higbee v. Commissioner, 116

T.C. 438, 446-447 (2001). If the understatement of income tax for the year in issue, after recomputation to reflect the stipulation of settled issues, is substantial, respondent has satisfied the burden of producing evidence that the penalty is appropriate. Respondent has recomputed the deficiencies taking into account the settled issues, and the understatements are still in excess of 10% of the tax required to be shown on petitioners' returns, which is greater than $5,000 for each year. Thus respondent's burden of going forward has been satisfied.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate because he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs.

We conclude that the exaggerated logs negate the good faith of petitioners in claiming rental losses against their earned income. Petitioner testified that she confirmed her status as a real estate professional with her tax preparer by completing a checklist of questions as to qualifications for that status. Because she knew what was required, she is chargeable with knowledge that she did not

satisfy those requirements. The preparer did not testify. Thus we have no evidence as to the competence and expertise of the preparer, and it appears that the preparer relied solely on petitioners' representations as to their activities relating to the rental properties. If the representations to the tax preparer were the same as the contentions in this Court, the preparer was not provided with accurate information. Under those circumstances, petitioners were not entitled to rely on the preparer. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). They are liable for the section 6662(a) penalty for substantial understatements of income tax for each year.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

Decision will be entered

under Rule 155.