T.C. Memo. 2013-88

UNITED STATES TAX COURT

MOHAMMAD HASSANIPOUR AND AZAR NAJAFI, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12856-11.                    Filed April 2, 2013.

<u>Basil J. Boutris</u>, for petitioners.

<u>Christian Andrew Speck</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a $38,067 deficiency and a

$7,613.40 section 6662(a) accuracy-related penalty with respect to petitioners'

2008 Federal income tax liability.  The issues for decision are (1) whether

petitioners' rental loss deductions are limited by section 469, which depends on

[*2] whether Mohammad Hassanipour (petitioner) was a real estate professional who materially participated in managing each rental property, and (2) whether petitioners are liable for the penalty. All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in California when they filed their petition.

During 2008 petitioner was employed full time as a research associate for Geron Corp. He was expected to work 40 hours per week, but his time was not monitored. He sometimes worked weekends to compensate for time off during the week. Petitioner signed and submitted to Geron Corp. timesheets for each month in 2008 on which he reported a total of 1,936 hours at 8 hours per day worked that year, not including paid vacation days or holidays.

During 2008 petitioner owned 28 rental apartment units in 7 fourplex buildings in Vallejo, California, and he had a 50% interest in a single-family residence in Lake Tahoe, California. He performed various duties in relation to the rental properties including repairs, administrative tasks, communicating with

[*3] tenants, researching landlord/tenant law, preparing tax returns, and other management activities. Petitioner's coowner collected rents and paid bills with respect to the Lake Tahoe property.

On their joint 2008 Form 1040, U.S. Individual Income Tax Return, petitioners reported combined wages of $239,037 and claimed net rental losses of $120,540. Petitioners did not elect to aggregate all interests in rental real estate as a single rental real estate activity for 2008. They did not report dividend income of $3,141, which they now concede should have been reported. Petitioner prepared the 2008 tax return using a computer software program. Respondent disallowed petitioners' claimed rental losses as passive activity losses governed by section 469.

Petitioner claimed before and during trial that his hours spent on his rental activities exceeded his time spent working for Geron Corp. He claimed that he worked only 32 hours per week for Geron Corp. for 48 weeks, or a total of 1,536 hours (sometimes claimed to be amended to 35 hours per week, or a total of 1,610 hours). In an attempt to prove his hours spent on rental activities related to the Vallejo apartments, petitioner presented estimates, summaries, and a generic (not dated 2008) calendar copyrighted in 2009 but allegedly kept contemporaneously on dates commencing December 31, 2007. Petitioner recorded 1,182.9 total hours

**[*4]** on the calendar.  Petitioner did not keep a contemporaneous record of time spent in relation to the Lake Tahoe property but estimated that he spent 150 to 200 hours in relation to that property and over 500 hours performing tasks not reflected in his calendar.

## OPINION

Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212.  Section 469, however, generally disallows any passive activity loss.  Sec. 469(a).  A passive activity loss is defined as the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year.  Sec. 469(d)(1).  A passive activity is any trade or business in which the taxpayer does not materially participate, or to the extent provided in regulations, any activity with respect to which expenses are allowable as a deduction under section 212.  Sec. 469(c)(1), (6)(B).  Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates.  Sec. 469(c)(2), (4).  Material participation is defined as involvement in the operations of the activity that is regular, continuous, and substantial.  Sec. 469(h)(1).

An exception to the rule that a rental activity is per se passive is found in section 469(c)(7), which provides that the rental activities of a taxpayer in real

**[*5]** property trades or businesses are not per se passive activities under section 469(c)(2) but are treated as a trade or business subject to the material participation requirements of section 469(c)(1). See sec. 1.469-9(e)(1), Income Tax Regs. A taxpayer may qualify as a real estate professional if: (1) more than one-half of the personal services performed in trades or businesses by the taxpayer during the taxable year are performed in real property trades or businesses in which the taxpayer materially participates and (2) the taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates. Sec. 469(c)(7)(B)(i) and (ii). In the case of a joint tax return, either spouse must satisfy both requirements. Sec. 469(c)(7)(B). Thus, if either spouse qualifies as a real estate professional, the rental activities of the real estate professional are not per se passive under section 469(c)(2). There is no evidence in this case of activities of petitioner Azar Najafi with respect to the rental properties. The parties agree that the decisive issue in this case is whether petitioner spent more hours on his rental activities than he did in his employment with Geron Corp.

For purposes of determining whether a taxpayer is a real estate professional, a taxpayer's material participation is determined separately with respect to each rental property unless the taxpayer makes an election to treat all interests in rental

**[*6]** real estate as a single rental real estate activity. Sec. 469(c)(7)(A); sec. 1.469-9(e)(1), Income Tax Regs. Petitioners did not here elect to treat their rental properties as a single activity. See sec. 1.469-9(g)(1), Income Tax Regs.

With respect to the evidence that may be used to establish hours of participation, section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), provides:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

In arguing that petitioner is a real estate professional and materially participated in his rental real estate activity, petitioners rely on petitioner's testimony that he worked only 32 hours per week, later adjusted to 35 hours per week, for Geron Corp. This testimony was contradicted by the monthly timesheets he signed and submitted to Geron Corp. during 2008. He also relies on estimates based on recollections of events that had taken place several years before and on his questionable calendar that appears, contrary to his testimony, to have been reconstructed rather than contemporaneous.

**[*7]** Generally, the taxpayer bears the burden of proving entitlement to any deductions claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Deputy v. du Pont, 308 U.S. 488, 493 (1940); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. This burden may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any relevant factual issue and meets other conditions, including maintaining required records. See sec. 7491(a)(1). Petitioners have not established their compliance with section 7491(a). Accordingly, petitioners bear the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

This Court has previously noted that while the regulations are somewhat ambiguous concerning the records to be maintained by taxpayers, we are not required to accept a postevent "ballpark guesstimate" or the unverified, undocumented testimony of taxpayers. See Moss v. Commissioner, 135 T.C. 365, 369 (2010); Hoskins v. Commissioner, T.C. Memo. 2013-36; Estate of Stangeland v. Commissioner, T.C. Memo. 2010-185; Shaw v. Commissioner, T.C. Memo. 2002-35.

We need not accept petitioner's testimony and may and do reject it because of the many indicia of unreliability. See Fleischer v. Commissioner, 403 F.2d 403,

[*8] 406 (2d Cir. 1968), aff'g T.C. Memo. 1967-85; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Petitioner's testimony is undermined by the records of his employer, by his questionable claims about the contemporaneous calendar, and by the vagueness and inherent improbability of his estimates. Some of the estimates that he seeks to add to the hours recorded in the calendar duplicate tasks or time recorded in the calendar. He has not adequately explained the inconsistencies in his evidence, arguing, erroneously, that respondent has the burden of showing, for example, that a calendar copyrighted in 2009 would not have been available in 2008 (or in 2007, the year of the first allegedly contemporaneous entry). There is no evidence of the time the coowner of the Lake Tahoe property spent collecting rents and paying bills. On consideration of the entire record, petitioner's reconstruction reducing the hours worked at Geron Corp. and increasing the hours devoted to rental activities is not credible.

Because we are not persuaded that petitioner spent more time on any or all of his rental activities in 2008 than he spent working for Geron Corp., he has not established that he is a real estate professional. His rental activities, therefore, are per se passive, and he may not offset the losses against petitioners' other income. Thus, we need not analyze whether he materially participated in management of the rental properties.

**[*9]** Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax which is attributable to a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Because the understatement of income tax for the year in issue is substantial, respondent has satisfied the burden of producing evidence that the penalty is appropriate.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate because he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs.

**[\*10]** Petitioner prepared the tax return for 2008. He has not explained the now-conceded omission of dividend income. He contends that the rules of section 469 are complicated and that he should be excused from the penalty. He did not, however, show that he consulted competent tax professionals. He claims he spent many hours studying the law and preparing returns. If so, he should have known that his entitlement to deduct his rental losses was dependent on adequate records of hours spent on the rental activities, and we are not persuaded that he kept reliable records. He has not shown good faith or reasonable cause, and petitioners are liable for the section 6662(a) penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.