**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-52

UNITED STATES TAX COURT

GARFIELD K. WINDROSS AND JOYCE P. KRAKUE-WINDROSS, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7090-11S, 1191-12S.          Filed July 3, 2013.

Garfield K. Windross and Joyce P. Krakue-Windross, pro sese.

Timothy R. Berry, for respondent.

SUMMARY OPINION

PANUTHOS, Special Trial Judge: These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petitions were filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated

as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income tax of $37,788 and $24,948 for tax years 2007 and 2008, respectively. Respondent also determined section 6662 accuracy-related penalties of $7,557.60 and $4,989.60 for tax years 2007 and 2008, respectively.

After concessions,[1] the issues for decision are: (1) whether petitioners may deduct losses from their rental real estate activities under the passive activity loss rules set forth in section 469, and (2) whether petitioners are liable for accuracy-related penalties under section 6662.

---

[1]The parties agree that petitioners' rental activity should have been reported on Schedules E, Supplemental Income and Loss, as opposed to Schedules C, Profit or Loss From Business, for tax years 2007 and 2008. Respondent determined in the notice of deficiency for tax year 2007 that petitioners had omitted from income $36,565 of capital gains; petitioners concede that they omitted $9,727, and respondent concedes that petitioners did not omit $26,838. Respondent concedes that petitioners have substantiated Schedule E expenses to the extent of the income reported from the rental real estate activity. Respondent also concedes that petitioners did not omit interest income of $18 on their 2007 return and that petitioners are entitled to a mortgage interest deduction of $25,684 for tax year 2008.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners resided in Oakland, California, when the petitions were filed.

Garfield K. Windross (petitioner)[2] worked as a consultant at Hewlett-Packard (HP) in 2007 and 2008, the years in issue. HP permits certain employees to work from home, and petitioner worked from home during the years in issue. In 2007 HP paid petitioner $123,067 in wages, and he used 40 hours of vacation time. In 2008 HP paid petitioner $107,008 in wages, and he used 208 hours of vacation time. Petitioner was paid as a full-time employee, and during the years in issue, he was paid bimonthly for 87 hours of work per pay period.

In addition to working at HP, petitioner, with his wife, owned two rental properties in 2007 and 2008. At the beginning of 2007 petitioners owned one two-unit rental property in San Leandro, California. Petitioners then purchased a commercial property in Los Angeles (Los Angeles property) in May 2007. The

---

[2]Petitioner Joyce P. Krakue-Windross did not appear at trial and did not execute the stipulation of facts. Therefore, the Court will grant respondent's motion to dismiss these cases as to Joyce P. Krakue-Windross for lack of prosecution. See Rule 123(b). The Court will enter decisions as to petitioner Joyce P. Krakue-Windross consistent with the decisions to be entered as to petitioner Garfield K. Windross.

Los Angeles property consisted of four commercial rental units, one of which was a doctor's office. Petitioner did not have any formal training in real estate purchase, sales, or management. Working from home for HP provided petitioner with flexibility to manage his own schedule, and only petitioner was involved in the rental real estate activities.

During the years in issue petitioner researched rental properties, acquired the Los Angeles property, found financing for the rental properties, listed the properties for rent and showed them to potential clients, and wrote his own lease agreements. He did not hire a property manager. Petitioners were interested in starting a property management or investment business, and before purchasing the Los Angeles property they traveled several times from their home in Oakland to Los Angeles to research properties in the Los Angeles area. Before 2007 petitioner established Klade Properties, LLC (Klade), a property management company. In May 2008 petitioner converted Klade from an LLC to a corporation.

Petitioner maintained a calendar that reflects some of the work he completed related to the rental properties, such as installing flooring, tiling, landscaping, repairs, and inspecting the properties. He normally recorded his rental property activities on the calendar at the time he did the work, but he did not record all of the activities on his calendar because some of the activities were ongoing. At

some point after each year in issue, in response to an IRS audit, petitioner created logs, one for each year in issue, reflecting the amount of time he purportedly spent on the rental real estate activities. Petitioner created the logs from memory and the information on his calendar.

Petitioners filed timely joint Federal income tax returns for tax years 2007 and 2008. Petitioners reported the rental property income and expenses on Schedules C and deducted losses of $119,280 and $89,041 for tax years 2007 and 2008, respectively, on the basis of petitioner's claim that he was a real estate professional during the years in issue.

On January 6, 2011, and December 23, 2011, respondent issued the deficiency notices to petitioners for tax years 2007 and 2008, disallowing the rental real estate losses for each year and determining the deficiencies and accuracy-related penalties for those years. Petitioners timely filed petitions with this Court.

Discussion

## I. Burden of Proof

The Commissioner's determination set forth in a notice of deficiency is presumed correct, and a taxpayer generally bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a

matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioner contends that the burden of proof shifts to respondent. Petitioner, however, did not establish that he maintained all required records. See sec. 7491(a)(2)(B). Petitioner, therefore, bears the burden of proof. See Rule 142(a).

II. Passive Activity Losses

Petitioner contends that all of the losses from his rental real estate activities should be allowed as deductions because he was a real estate professional during the years in issue. Section 469(a) generally disallows for the taxable year any passive activity loss. A passive activity loss is the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1).

Rental real estate activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2).

However, the rental activities of a taxpayer who is a real estate professional pursuant to section 469(c)(7)(B) are not treated as per se passive activities. Sec. 469(c)(7)(A)(i). Instead, the rental activities are treated as a trade or business and are subject to the material participation requirements of section 469(c)(1). Sec. 1.469-9(e)(1), Income Tax Regs.

A taxpayer qualifies as a real estate professional and is not engaged in a per se passive activity if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B). In the case of a joint return, the same spouse must satisfy each requirement. Id.

The parties dispute whether petitioner qualified as a real estate professional. Accordingly, we focus on whether petitioner's participation in the rental activities meets the requirements of section 469(c)(7)(B).

For purposes of determining whether a taxpayer is a real estate professional, a taxpayer's material participation is determined separately with respect to each

rental property unless the taxpayer makes an election to treat all interests in rental real estate as a single rental real estate activity. Sec. 469(c)(7)(A); sec. 1.469-9(e)(1), Income Tax Regs. There is nothing in the record indicating that petitioner elected to treat the rental properties as a single activity. Thus, if petitioner meets the requirements of section 469(c)(7) and is a real estate professional, the material participation standard in section 469(c)(1) must be met with respect to each separate interest in rental real estate. See sec. 469(c)(7)(A).

Section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), sets forth the methods of proof that may be used to establish the taxpayer's hours of participation as follows:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

This Court has acknowledged that these temporary regulations do not explicitly state what records a taxpayer needs to maintain, but we have consistently held that they do not allow a postevent "ballpark guesstimate". Fowler v. Commissioner, T.C. Memo. 2002-223; Goshorn v. Commissioner, T.C. Memo. 1993-578.

We need not accept petitioner's testimony and may reject it when inconsistencies or improbabilities render it unreliable. See Fleischer v. Commissioner, 403 F.2d 403, 406 (2d Cir. 1968), aff'g T.C. Memo. 1967-85; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). During the years at issue petitioner had a full-time job at which he was paid for 2,088 hours of work per year. Petitioner asserted that the HP payroll records were an inaccurate reflection of the amount of work he actually performed for HP. Despite his contention, petitioner provided nothing beyond his vague testimony that "during my year I'm actually less than 50 percent utilized [by HP]", to refute the hours in the HP payroll records. According to the logs of hours related to the rental real estate activities that petitioner submitted, he devoted 1,780 hours to the rental properties in 2007 and 1,236 hours in 2008. Petitioner admitted that some of the hours listed in the logs were ballpark estimates.

Petitioner did not provide any underlying documentary evidence to substantiate all of the hours spent on the rental real estate activities that are reflected in the logs or on his calendar. Though it is clear from the record that petitioner did spend some time on the rental activity, he has not established, and we are not persuaded, that more than one-half of his personal services were performed in real property trades or businesses in the years at issue. Because he

did not qualify as a real estate professional under section 469(c)(7)(B)(i), we need not further consider whether he materially participated in the rental activities, either in total for purposes of section 469(c)(7)(B)(ii) or individually to avoid passive characterization as to each specific property. See sec. 469(c)(7)(B).

We note that section 469(i) provides an exception to the general rule that passive activity losses are disallowed. A taxpayer who "actively participated" in a rental real estate activity can deduct a maximum loss of $25,000 per year related to the activity. Sec. 469(i)(1) and (2). This exception is fully phased out, however, when adjusted gross income equals or exceeds $150,000. Sec. 469(i)(3)(A), (E), (F). Without the passive activity loss taken, petitioners' adjusted gross income for 2007 and 2008 is $185,609 and $213,865, respectively. See Moss v. Commissioner, 135 T.C. 365, 371-372 (2010). Therefore, they are not entitled to deduct any passive activity losses in excess of gross rentals under section 469(i)(3).

III. Penalties

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(a) and (b)(2) for a substantial understatement of income tax with respect to each year in issue.

Section 6662(a) and (b)(2) imposes a penalty equal to 20% of the amount of any underpayment that is due to a substantial understatement of income tax. An individual substantially understates his or her income tax when the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Respondent has the burden of production with respect to the accuracy-related penalty. See sec. 7491(c).

The underpayments of tax required to be shown on petitioners' 2007 and 2008 Federal income tax returns are due to substantial understatements of income tax because the understatements exceed $5,000 and are greater than 10% of the tax required to be shown on the return. See sec. 6662(b)(2), (d)(1); sec. 1.6662-4(b)(1), Income Tax Regs. Respondent's burden of production under section 7491(c) has been satisfied.

The accuracy-related penalty is not imposed, however, with respect to any portion of an underpayment if the taxpayer can establish that he acted with reasonable cause and in good faith with respect to such portion. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances indicating that a taxpayer acted with reasonable cause and in good faith include "an honest misunderstanding of fact or law that is

reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. Generally, the most important factor is the taxpayer's effort to assess the taxpayer's proper tax liability. Id.

Section 469 and its regulations cover a highly complex area of the Internal Revenue Code. Petitioner contends that his employment at HP should not disqualify him from being a real estate professional since he acted as a real estate professional when he researched, acquired, and rented the properties, as well as wrote his own leases. Petitioner is not a tax expert or experienced in tax matters and we conclude on the basis of the entire record that he acted in good faith in reporting the rental activity on his Schedules C, substantiating the expenses incurred in the rental activity, and maintaining some recordkeeping of the hours he spent on the rental activity. After considering all the facts and circumstances, and considering the complexity of compliance with this Internal Revenue Code provision, we conclude that petitioners are not liable for the accuracy-related penalty under section 6662 for taxable years 2007 and 2008.

To reflect the foregoing,

Decisions will be entered under

Rule 155 as to petitioner Garfield K.

Windross, and orders of dismissal and

decisions will be entered as to petitioner

Joyce P. Krakue-Windross.